**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2019 MAR -8 ⼧ 1: 08

DEBRA P. HACKETT, CLK
U.S. COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **SHARON BRANDENBURG,** | ) |
| | ) |
| **Plaintiff,** | ) **CASE NO.** 2:19-cv-171-MHT-SMD |
| | ) |
| **v.** | ) **JURY TRIAL REQUESTED** |
| | ) |
| **TROY UNIVERSITY;** | ) |
| | ) |
| **DR. DENISE GREEN, in her official** | ) |
| **capacity; and** | ) |
| | ) |
| **RENITA DAVIS, in her official capacity;** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Sharon Brandenburg, by and through her undersigned counsel of record, and hereby doth complain and aver against the above-named Defendants, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Brandenburg files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court, under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Rehabilitation Act (29 U.S.C. § 701, et seq.), and the Age Discrimination in Employment Act (29 U.S.C.A. § 621, et seq.) to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Brandenburg filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on

July 10, 2018. Plaintiff received a right-to-sue on December 12, 2018, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3.    Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Pike County, Alabama.

## II. PARTIES

4.    The named Plaintiff, Sharon Brandenburg (hereinafter "Plaintiff" or "Mrs. Brandenburg"), is a citizen of the United States and a resident of Ellerslie, Georgia. Plaintiff is over the age of nineteen years.

5.    The Defendant, Troy University (hereinafter "Defendant" or "Troy"), is state-funded public university. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

6.    Defendant Dr. Denise Green (hereinafter referred to as "Dr. Green") is the Dean of the College of Health and Human Services at Troy University. Dr. Green is being sued in her official capacity under the ADEA for injunctive relief pursuant to *Ex parte Young,* 209 U.S. 123 (1908), and in order to vindicate rights provided under the ADEA.

7.    Defendant Renita Davis (hereinafter referred to as "Ms. Davis") is the interim chairperson of Troy's Department of Human Services and Social Work. Ms. Davis is being sued in her official capacity under the ADEA for injunctive relief pursuant to *Ex parte Young,* 209 U.S. 123 (1908), and in order to vindicate rights provided under the ADEA.

2

## II. STATEMENT OF FACTS

8.      Mrs. Brandenburg is a sixty-eight (68) year old female.

9.      As a child, Mrs. Brandenburg suffered from polio, which causes her to have the disability of a substantial limp.  However, this disability in no way interferes with her ability to perform all the necessary duties and functions of her work as a social worker and professor.

10.     On or about August 2010, Mrs. Brandenburg began working at Troy University's Phenix City, Alabama campus as a full-time lecturer of Human Services and Social Work.

11.     Around the year 2017, Mrs. Brandenburg began noticing that her above-described disability and age had become grounds for adverse treatment by certain top-level administrators in the Human Services and Social Work department of Troy University.

12.     While Mrs. Brandenburg was not aware of any employee using ageist epithets directly, she has experienced the phenomena of being treated with less respect, and more condescension by Troy University, than she was previously treated by Troy at younger ages in her work at Troy University.  This negative treatment of Mrs. Brandenburg was more negative than treatment extended to younger faculty members at Troy University, when compared one to the other.

13.     Spearheading the adverse treatment against Mrs. Brandenburg was Ms. Renita Davis, an early 40's interim chairperson of Troy's Department of Human Services and Social Work.    In 2017, Ms. Davis approached Mrs. Brandenburg and asked her to give up her office on campus in Phenix City, and move from the third floor

to the fourth floor.  In addition, Ms. Davis stated that Mrs. Brandenburg would be allowed to only teach her practicum class and one online class, and not required to come to campus except to teach class.  Ms. Davis further stated Mrs. Brandenburg would no longer be allowed to advise students or have office hours.  Ms. Davis also wrongfully changed the grades of three of Mrs. Brandenburg's students, without Mrs. Brandenburg's knowledge or approval, and in violation of many Troy University regulations, SACS standards, and Council on Social Work Education standards.

14.    Mrs. Brandenburg was wary of Ms. Davis' motivation in moving her to a higher floor, as it isolated Mrs. Brandenburg, making it more difficult for her to have contact with other members of the department.  Mrs. Brandenburg was also concerned because Ms. Davis brought in newer and younger faculty members to take over and teach courses Mrs. Brandenburg was amply qualified to teach, and could have easily been assigned.

15.    Mrs. Brandenburg received excellent evaluations, but notwithstanding the same, during the year 2017-2018, she became subject to increasing harassment from Ms. Davis and Dr. Jeff Waller, the interim department chairperson, dedicated to pushing Mrs. Brandenburg to resign.

16.    Beginning in December 2017 and continuing on into March 2018, Mrs. Brandenburg had meetings and communications with Dr. Waller and Ms. Davis, which led to Mrs. Brandeburg being relieved of her duties as a teacher.  During this time, Ms. Davis and Dr. Waller also confronted Mrs. Brandenburg about "not teaching enough hours," even though Mrs. Brandenburg was teaching all classes assigned to her and had volunteered to teach additional classes.

4

17.    In addition, during the last part of the 2017 – 2018 annual term, Mrs. Brandenburg was required to teach classes four (4) nights per week, even though University practice calls for instructors to teach classes two nights per week.  Mrs. Brandenburg was the only other instructor required to teach four (4) nights per week in an attempt to force her to resign.

18.    On March 1, 2018, Mrs. Brandenburg received a letter from Dr. Denise Green, Dean of the College of Health and Human Sciences, informing her that her employment "was being non-renewed for the 2018-19 academic year." Mrs. Brandenburg was further informed that her "employment with the University as a full-time lecturer will end on May 31, 2018, with completion of [her] current 2017-2018 contract."

19.    Mrs. Brandenburg avers that her age and obvious disability, causing her to limp and look like she was less than fully able, played a substantial role in her termination, in violation of the Age Discrimination in Employment Act, which entitles Mrs. Brandenburg to the injunctive relief of reinstatement, and the Rehabilitation Act, which entitles Mrs. Brandenburg to monetary damages and equitable relief.

20.    The Defendants' actions against Ms. Brandenburg, as set forth in the preceding paragraphs of this Complaint, represent a pattern and practice of what was happening to other similarly-situated older female employees at Troy University.

21.    Prior to Mrs. Brandenburg's termination, Troy University terminated Carol Vaultin, an older female employee, resulting in a severe and pervasive age-based hostile work environment that forced Dr. Kimber Wickersham to resign.

22.     This pattern and practice described in paragraphs 20 and 21 is circumstantial evidence of the age discrimination practiced against Mrs. Brandenburg, and other older female employees, by Troy University and the individual Defendants.

23.     As a result of her termination, Mrs. Brandenburg has experienced significant mental and emotional distress.  Mrs. Brandenburg has lost, and will continue to lose, considerable income and has incurred the cost of an attorney's fee to pursue this matter.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

### COUNT ONE - DISABILITY DISCRIMINATION UNDER THE REHABILITATION ACT (29 U.S.C. § 701, ET SEQ.) AGAINST TROY UNIVERSITY

24.     Plaintiff realleges incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusively.

25.     Plaintiff avers that the Defendant Troy University receives federal financial funding, and thus waives Eleventh Amendment immunity for Rehabilitation Act claims.

26.     Plaintiff avers that the Defendant incorrectly perceived that she was disabled.   This perception of a disability qualifies for consideration under the Rehabilitation Act, 29 U.S.C. § 701, et seq.

27.     Plaintiff avers she was discriminated against by Troy University, based on Defendant's incorrect perception that she was disabled, in violation of the Rehabilitation Act, 29 U.S.C. § 701, et seq.

28.     The Defendant has conducted itself intentionally, deliberately, willfully, and in callous disregard of Plaintiff's rights, thus making an award of punitive damages feasible and justified.

29.     By reason of the Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies and damages available under the Rehabilitation Act.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court grant her the following relief:

a)     Judgment declaring that the Defendant has discriminated against the Plaintiff, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.;

b)     An award of compensatory and punitive damages to which Plaintiff may be entitled;

c)     An award of all court costs and reasonable attorney's fees pursuant to 29 U.S.C. § 794(a)(1); and

d)     Such further, other and different relief as the Court may deem appropriate and necessary.

**COUNT TWO - AGE DISCRIMINATION UNDER THE ADEA**
**(29 U.S.C. § 621, ET SEQ.) AGAINST THE INDIVIDUAL DEFENDANTS**

30.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23 above, the same as if more fully set forth herein, and further avers that the individually named Defendants have discriminated against Plaintiff, due to her age, by wrongfully terminating Plaintiff's employment.

31.     Plaintiff avers that the aforesaid actions of the Defendants violated 29 U.S.C. § 621, et seq. prohibiting age discrimination in employment.

32.    Plaintiff avers that she has suffered economic damage as a proximate cause of said age discrimination.  Plaintiff avers that the age discrimination practiced against her was willful, thus entitling Plaintiff to double damages.

33.    Plaintiff further avers that she has pursued and has exhausted her administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)    An injunction reinstating the Defendant to her position at Troy University;

b)    Such further, other and different relief as the Court may deem appropriate and necessary.

### V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this ___8th___ day of March 2019.

Sharon Brandenburg, Plaintiff

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

OF COUNSEL:
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911

8

(334) 263-2321    FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com